**E-FILED**
Friday, 12 May, 2006  11:49:13 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| TOMMIE L. WHITE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 05-1345 |
| CATERPILLAR, INC., | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Caterpillar's ("CAT") Motion for Judgment on the Pleadings. For the reasons set forth below, CAT's motion [#11] is GRANTED IN PART AND DENIED IN PART.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the claims asserted in the Complaint present federal questions under Title VII, 42 U.S.C. § 2000e, et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.

## BACKGROUND

Plaintiff Tommie L. White ("White") filed this lawsuit alleging that his employer, Caterpillar Inc. ("CAT"), discriminated against him based on his age and his race and retaliated against him when he complained about the discrimination. Defendant CAT hired White on or about September 21, 1974. White was trained as and worked as a machinist for CAT until he was demoted in September 2001. On September 13, 2001, CAT demoted White from a 2M11 Lathe machine operator position to the position of laborer at a wash tank and cut his wages by

three pay grades.  White was demoted after CAT required him to submit to a qualifications exam, which White contends was prejudicial and overly broad.

CAT employees allegedly informed White that he did not pass the qualifications exam and that he was demoted because he lacked the ability to correctly read CAT blueprints.  White contends that he had correctly read blueprints for many years and continues to do so in his current position.  Furthermore, CAT employees refused to give White access to the exam or to specifically identify the test results.  White claims that CAT demoted him because of his age in violation of the Age Discrimination of Employment Act ("ADEA") and his race in violation of Title VII.  Specifically, White contends that younger employees and white employees were treated more favorably than older employees or African American employees and that younger employees, who have failed similar qualifications tests, were allowed to retest or return to their former positions without retesting.  White also alleges that white employees in similar circumstances were reinstated to their former positions after being demoted.

Additionally, White claims that CAT violated Title VII and the ADEA when it retaliated against him for filing a grievance with his union representative in September 2001.  CAT allegedly retaliated against White by questioning his abilities and competency to perform his job and questioning his ability to perform at the same level as his younger co-workers.  CAT also allegedly retaliated against White for his actions in filing a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights.

White filed the EEOC charge on or about March 4, 2004, alleging that CAT discriminated against him based on his age and race, and that CAT retaliated against him because he complained about this discrimination.  White received a right to sue letter from the EEOC on or about August 7, 2005, and subsequently filed this lawsuit on November 9, 2005.

CAT filed a Motion for Judgment on the Pleadings arguing that White is not entitled to relief on his claims because (1) White's Complaint was filed more than ninety (90) days after receipt of his notice of right to sue from the EEOC; and (2) White's Complaint is untimely because his allegations relate to events that pre-date his EEOC charge by more than 300 days. Furthermore, CAT argues that any retaliation claims based on White's filing of a union grievance are preempted by the National Labor Relations Act and therefore this Court lacks subject matter jurisdiction to hear this claim.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." A motion for judgment on the pleadings is subject to the same standards as a Rule 12(b)(6) motion to dismiss. The Court must accept all well-pled allegations as true and must view those allegations in the light most favorable to the non-moving party. *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). Thus, dismissal is proper only if it appears "beyond doubt that the [non-moving party] can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–6 (1957). In deciding a motion under Rule 12(c), the Court may consider only the pleadings, that is, "the complaint, the answer, and any written instruments attached as exhibits." *Northern Indiana Gun & Outdoor Shows, Inc.,* 163 F.3d at 452.

## DISCUSSION

CAT argues that White's claims are untimely because they were filed more than ninety days after he received his right to sue letter from the EEOC. A plaintiff must file an action for discrimination within ninety days of receiving a right to sue letter from the EEOC or else his

3

claims are time-barred *Dandy v. United Parcel Service, Inc.*, 388 F.3d 263, 270 (7th Cir. 2004). White's Complaint was filed on November 9, 2005.[1] CAT argues that White's claims are untimely because White's right to sue letter was sent to him on July 19, 2005, which is 113 days after the letter was sent. In response, White argues that this Court should not grant CAT judgment on the pleadings on this basis because the relevant date is the date that White received the notice and not the date that it was sent. White contends that he signed a receipt for the certified mailing of the notice after three notices had been sent by the United States Postal Service and that he does not have the complete EEOC file which would include the signed receipt. Accordingly, White argues that CAT's motion is premature and cannot be addressed until the actual date that the notice was received is determined by referring to the EEOC file.

White is correct in saying that the relevant date of inquiry is the date that he received the notice and not the date that the notice was sent. *Dandy,* 388 F.3d at 270. However, White's Complaint and his Response to Defendant's Motion for Judgment on the Pleadings contradict themselves. White claims in his Response that he does not know the date that he received the notice from the EEOC; however, in his Complaint, he states "[o]n or about August 7, 2005, Plaintiff received from the EEOC a dismissal and notice of rights with respect to his charge." If White did receive the notice on August 7, 2005, his Complaint was untimely because it was filed 94 days after the notice was received. However, due to White's use of the phrase "on or about" August 7, 2005, and this Court's realization that August 7, 2005, was a Sunday, there is a

---

[1] CAT argues that White's Complaint was filed on November 16, 2005. In fact, White originally submitted his Complaint on November 9, 2005; however, the Complaint was not properly signed by Plaintiff's counsel. Accordingly, the Court struck White's Complaint and directed White to re-file. White re-filed his Complaint on November 16, 2005, with the proper signature. Although the Federal Rules do not address this exact situation, there is no indication that Plaintiff's counsel intentionally failed to sign the original complaint to avoid a timeliness problem. It appears that counsel merely misunderstood the Local Rule regarding the proper way to indicate one's signature electronically and therefore the Court construes the properly signed complaint as an amended complaint under Rule 15. As the complaint is an amended complaint, the relation-back doctrine applies and therefore the filing date for this cause of action was November 9, 2005. Moreover, the Court notes that whether the case was filed on November 9th or November 16th is not dispositive in this case.

possibility that White actually received the notice of right to sue sometime within ninety days of November 9, 2005. Making all inferences in White's favor as required by the standard of review on a motion such as this, the Court denies Defendant's Motion for Judgment on the Pleadings on this basis.

Defendant's second argument is that White's Complaint is untimely because the allegations in the Complaint relate to events that pre-date his EEOC charge by more than 300 days. In Illinois, an employee may sue under the ADEA or Title VII only if he filed a charge of discrimination with the EEOC within 300 days of the alleged "unlawful employment practice." *Flannery v. Recording Industry Ass'n of America,* 354 F.3d 632, 637 (7th Cir. 2004); *Russell v. Bd. of Trustees of Univ. of Illinois at Chicago*, 243 F.3d 336, 343 (7th Cir. 2001). Here, CAT argues that White's claims are untimely because the alleged discrimination that White suffered occurred more than 300 days before March 4, 2004, the date on which he filed his EEOC charge. White argues that his claims are not time barred because he is not complaining about a single incident of discrimination; he is claiming that CAT continually discriminated against him over a lengthy period of time.

With respect to White's age and race discrimination claims, the Court finds that any claims that White is making based on his demotion on September 13, 2001, are time barred. White states in his Complaint that he was timely in filing his EEOC charge on March 4, 2004. However, White was demoted on September 13, 2001, 897 days before he filed his EEOC charge. Accordingly, any claims that White is making based on his demotion from the 2M11 Lathe Operator position are time barred and CAT is entitled to judgment on the pleadings for those claims. Although White argues that he was discriminated against because CAT engaged in a continuing course of discriminatory conduct, the Seventh Circuit has made clear that the

5

continuing violation doctrine does not apply in a case such as this where the discriminatory conduct consists of a series of discrete adverse employment actions rather than a pervasive course of hostile work environment. *See Hildebrandt v. Illinois Dept. of Natural Resources,* 347 F.3d 1014, 1028–29 (7th Cir. 2003). White's Complaint does not allege that he was subjected to a hostile work environment. Moreover, even though White's demotion claim is not actionable because it occurred outside of the 300 day statute of limitations, it may still be relevant as background to support a failure to promote claim. *See id.* at 1027.

That being said, a review of White's Complaint, White's Response to CAT's Motion, and White's EEOC charge indicates that he may also be alleging that CAT discriminated against him by refusing to promote him based on his race or age. To the extent that he is making such a claim, the alleged conduct may fall within the 300 time period. However, whether this is true is not clear from the pleadings because White has not set forth specific facts in his Complaint to support these assertions. Accordingly, in making all inferences in White's favor and to ensure that CAT is fully aware of White's claims, the Court grants CAT's Motion in part and denies the Motion in part. CAT's Motion is granted with respect to White's claim that he was discriminated against when he was demoted on September 13, 2001, because the demotion occurred more than 300 days before White filed his EEOC charge. CAT's Motion is denied with respect to any claims that White is making based on CAT's alleged failure to promote him to a different position based on his race or age. However, White is directed to amend his Complaint within fourteen days to include additional facts sufficient to put CAT on notice regarding his claims. A failure to sufficiently amend the Complaint will result in the Court granting CAT's Motion for Judgment on the Pleadings with respect to White's discrimination claims.

Finally, CAT argues that it is entitled to Judgment on the Pleadings on White's retaliation claims. White makes two separate retaliation claims in his Complaint. First, he claims that CAT retaliated against him for filing a grievance with the union. Second, he alleges that CAT retaliated against him because he filed a discrimination charge with the EEOC. In its Motion, CAT argues that this Court lacks subject matter jurisdiction to hear White's claim that CAT retaliated against him for filing a union grievance because White's claim is preempted by the National Labor Relations Act. In his response, White concedes that "Plaintiff does not bring his action to seek adjudication or appeal of a union grievance."

After reviewing the Complaint, it is apparent how CAT came to believe that White was bringing a retaliation claim based on his 2001 union grievance. Specifically, White stated in his Complaint:

> Defendants have taken measures in retaliation against Plaintiff for filing a grievance with his union representative in September 2001, including the following: questioning of Plaintiff's abilities and competency to perform the duties of his job; and questioning of Plaintiff's ability to perform at the same level as his younger, male coworkers.

(White's Complaint, at 5.) However, because White now admits that he is not seeking relief based on allegations that CAT retaliated against him for filing a union grievance, such claims have effectively been abandoned.

With respect to White's allegations that CAT retaliated against him because he filed a discrimination charge with the EEOC, the Court finds that CAT is not entitled to Judgment on the Pleadings. However, the Court recognizes that White's claims do not appear to be fully developed. White claims "[b]ecause Plaintiff filed charges of employment discrimination by Defendant in the Equal Employment Opportunity Commission and in the Illinois Department of Human Rights and he has taken other measures to remedy the circumstances described above,

7

Plaintiff has been and continues to be a victim of further unlawful discrimination and retaliation by the Defendant." White's reference to being a victim of retaliation and discrimination is insufficient to put CAT on notice regarding the nature of White's claim or to allow the Court to determine if White's claims were filed in a timely manner. Accordingly, the Court grants White fourteen days from the date of this Order to amend his Complaint to, at a minimum, provide a short and plain statement of the claim showing that he is entitled to relief.

## CONCLUSION

For the reasons set forth above, CAT's Motion for Judgment on the Pleadings [#11] is granted in part and denied in part. White is granted fourteen days from the date of this Order to file an amended complaint, consistent with this Order. CAT then has fourteen days from the date that the amended complaint to file a response or otherwise plead.

ENTERED this 11th day of May, 2006.

                                                   s/ Michael M. Mihm
                                                   Michael M. Mihm
                                                   United States District Judge